**ORIGINAL**

# In the United States Court of Federal Claims

No. 12-202C
Filed: July 23, 2012
**TO BE PUBLISHED**

**FILED**

JUL 2 3 2012

U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| RICHARD M. GABLE, | Americans with Disabilities Act of 1990, Pub. L. No. 101-336, 104 Stat. 327; |
| Plaintiff, *pro se*, | Federal Tort Claims Act, Pub. L. No. 79-601, §§ 401-24, 60 Stat. 812 (1946); |
| v. | Motion to Dismiss, RCFC 12(b)(1); *Pro Se*; |
| THE UNITED STATES, | Transfer, 28 U.S.C. § 1631 (2006); Tucker Act Jurisdiction, |
| Defendant. | 28 U.S.C. § 1491 (2006); U.S. CONST. amend. VI. |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Richard Maurice Gable**, Mechanicsville, Maryland, Plaintiff, *pro se*.

**Seth W. Greene**, United States Department of Justice, Civil Division, Washington, D.C., Counsel for Defendant.

## MEMORANDUM OPINION AND ORDER

BRADEN, *Judge*.

I.   FACTUAL BACKGROUND.[1]

In January 2006, Mr. Richard M. Gable ("Plaintiff"), a veteran of the Vietnam War, entered the Department of Veterans Affairs ("DVA") Medical Center in Washington, D.C. (the "VA Medical Center") for replacement of his left knee. Compl at 3. After his initial knee surgery, Plaintiff "came down with a very serious staph infection, which placed him in critical care[.]" Compl. at 3.

On August 23, 2006, a DVA doctor amputated Plaintiff's left leg, allegedly without consent. Compl. at 3. Because of the alleged negligence, two additional surgeries were required. Compl. at 3. The VA Medical Center also allegedly was negligent in providing Plaintiff with medical care and necessary medication. Compl. at 4. Moreover, Plaintiff allegedly was "tied to a bed, drugged, and not on the proper mental health medication[;]" denied "a shower or bath for

---

[1] The facts herein have been derived from the March 29, 2012 Complaint ("Compl.") and attached exhibit ("PX 1").

ten months and 19 days[;]" and "placed in a recovery room without wheelchair access." Compl. at 4.

Plaintiff remained hospitalized until October 2006, when he was discharged from the VA Medical Center. PX 1.

## II. PROCEDURAL HISTORY.

On September 16, 2008, Plaintiff filed an administrative claim with the DVA, pursuant to the Federal Tort Claims Act, Pub. L. No. 79-601, §§ 401-24, 60 Stat. 812 (1946) ("FTCA"). *See* PX 1. On September 30, 2011, the DVA sent Plaintiff a Response to Request for Reconsideration (the "September 30, 2011 Decision"), denying his claims for a lack of evidence and as untimely, under 28 U.S.C. § 2401(b) (2006) (requiring FTCA claims to be filed with a federal agency within two years "after such claim accrues").[2] PX 1.

The September 30, 2011 Decision advised Plaintiff that: "a tort claim that is administratively denied may be presented to a Federal district court for judicial consideration" and "such a suit must be initiated . . . within 6 months after the date of mailing of this notice of final denial." PX 1 (citing 28 U.S.C. § 2401(b)).

On March 29, 2012, Plaintiff filed a Complaint in the United States Court of Federal Claims that alleges claims of negligent infliction of severe emotional distress, medical malpractice, gross negligence, and unauthorized medical treatment. Compl. at 4. The Complaint also alleges a claim under the Sixth Amendment of the United States Constitution and a violation of the Americans with Disabilities Act of 1990, Pub. L. No. 101-336, 104 Stat. 327 ("ADA"). Compl. at 4. To redress these alleged injuries, the Complaint requests that the court award Plaintiff monetary damages in the amount of $5,000,000.00. Compl. at 6.

On May 29, 2012, the Government filed a Motion To Dismiss Pursuant To Rule 12(b)(1). Plaintiff's Response was due June 29, 2012. *See* RCFC 7.2 (requiring a response to a RCFC 12(b) motion to be filed "within 28 days after service of the motion"). Plaintiff, however, did not file a Response.

## III. JURISDICTION.

The jurisdiction of the United States Court of Federal Claims is established by the Tucker Act. *See* 28 U.S.C. § 1491 (2006). The Tucker Act authorizes the court "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1).

The Tucker Act, however, is "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages. . . . [T]he Act merely confers

---

[2] The March 29, 2012 Complaint attached the DVA's September 30, 2011 Response to Request for Reconsideration regarding Plaintiff's FTCA claim, but not Plaintiff's initial complaint to the DVA or the DVA's initial Decision denying Plaintiff's September 16, 2008 claim. *See* PX 1 (the DVA's Sept. 30, 2011 Response to Request for Reconsideration).

jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976). Therefore, a plaintiff must identify and plead an independent contractual relationship, constitutional provision, federal statute, or executive agency regulation that provides a substantive right to money damages. *See Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc) ("The Tucker Act itself does not create a substantive cause of action; in order to come within the jurisdictional reach and the waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages."). The burden of establishing jurisdiction falls upon the plaintiff. *See FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990) (holding that the burden is on the plaintiff to allege facts sufficient to establish jurisdiction); *see also* RCFC 12(b)(1).

The jurisdictional defects in the March 29, 2012 Complaint are discussed below.

## IV. DISCUSSION.

### A. Standard For Decision On Motion To Dismiss Pursuant To RCFC 12(b)(1).

A challenge to the United States Court of Federal Claims' "general power to adjudicate in specific areas of substantive law . . . is properly raised by a [Rule] 12(b)(1) motion[.]" *Palmer v. United States*, 168 F.3d 1310, 1313 (Fed. Cir. 1999); *see also* RCFC 12(b)(1) ("Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction[.]"). When considering whether to dismiss an action for lack of subject matter jurisdiction, the court is "obligated to assume all factual allegations of the complaint to be true and to draw all reasonable inferences in plaintiff's favor." *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995).

### B. *Pro Se* Litigants.

The pleadings of a *pro se* Plaintiff are held to a less stringent standard than those of litigants represented by counsel. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (holding that *pro se* complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers" (citations omitted) (internal quotation marks omitted)). Indeed, it has been the tradition of this court to examine the record "to see if [a *pro se*] plaintiff has a cause of action somewhere displayed." *Ruderer v. United States*, 412 F.2d 1285, 1292 (Ct. Cl. 1969). Nevertheless, while the court may excuse ambiguities in a *pro se* Plaintiff's complaint, the court "does not excuse [a complaint's] failures." *Henke*, 60 F.3d at 799.

### C. The Government's May 29, 2012 Motion To Dismiss The March 29, 2012 Complaint For Lack Of Subject-Matter Jurisdiction.

#### 1. The Congress Has Not Authorized The United States Court Of Federal Claims To Adjudicate The Claims Alleged In The March 29, 2012 Complaint.

The Government argues that the court does not have jurisdiction to adjudicate the claims alleged in the March 29, 2012 Complaint, because they "sound exclusively in tort." Gov't Mot. at 6. Likewise, the United States Court of Federal Claims does not have jurisdiction to

adjudicate the alleged violations of Plaintiff's Sixth Amendment rights, because that constitutional provision is not money-mandating. Gov't Mot. at 7; *see also Milas v. United States*, 42 Fed. Cl. 704, 710 (1999) ("[T]he Fifth and Sixth Amendments are not money mandating and, consequently, cannot combine with the Tucker Act to provide the court jurisdiction."), *aff'd per curiam*, 217 F.3d 854 (Fed. Cir. 1999). Moreover, the Sixth Amendment claim in the March 29, 2012 Complaint must be dismissed because the Sixth Amendment applies only to "criminal prosecution[s]" over which the court has no jurisdiction. Gov't Mot. at 7.

Finally, the United States Court of Federal Claims does not have jurisdiction to adjudicate claims arising under the ADA. Gov't Mot. at 7.

### 2. This Matter Should Not Be Transferred To A Federal District Court Because The March 29, 2012 Complaint's Claims Are Barred By The Federal Tort Claims Act's Statute Of Limitations.

Although Plaintiff did not request that his claim be transferred, the Government's May 29, 2012 Motion appropriately raises the issue of whether it would be "in the interest of justice" for the court to transfer this matter to a federal district court. *See* 28 U.S.C. § 1631 (2006). The Government argues that the court should not transfer this matter because Plaintiff's claims would be untimely under the FTCA's statute of limitations for tort actions against the United States. Gov't Mot. at 8. Section 2401(b) of Chapter 28 of the United States Code requires that an FTCA suit be brought "within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). If that requirement is not met, the claim will be "forever barred[.]" *Id.*

The Government contends that an FTCA claim is therefore barred if "the plaintiff fails to file suit in *district court* within six months after final notice of the agency's action on [his] claim." *State Farm Ins. Co. v. United States*, 6 F. Supp. 2d 985, 987 (N.D. Ill. 1998) (emphasis added) (citation omitted). Since the United States Court of Federal Claims is not itself a federal district court, however, Plaintiff cannot use the date when he filed in this court for purposes of the FTCA's statute of limitation.

## D. The Plaintiff's Failure To Respond.

Plaintiff has not filed a Response to the Government's May 29, 2012 Motion To Dismiss.

## E. The Court's Resolution.

The court has determined that the March 29, 2012 Complaint and the May 29, 2012 Motion To Dismiss adequately present the issues, affording the court the ability to issue a decision without prejudicing either party.

### 1. The United States Court Of Federal Claims Does Not Have Jurisdiction To Adjudicate Plaintiff's Claims.

The United States Court of Federal Claims does not have jurisdiction to adjudicate tort claims. *See* 28 U.S.C. § 1491(a) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the

Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages *in cases not sounding in tort.*" (emphasis added)); *see also Aetna Cas. & Sur. Co. v. United States*, 655 F.2d 1047, 1059 (Ct. Cl. 1981) ("Tort claims, of course, are expressly beyond our Tucker Act jurisdiction."). The primary claims alleged in the March 29, 2012 Complaint, however, concern negligence and medical malpractice. Compl. at 4-5. Since such claims sound in tort, the court does not have jurisdiction to adjudicate them. *See Mendez-Cardenas v. United States*, 88 Fed. Cl. 162, 166 (2009) (determining that the United States Court of Federal Claims does not have jurisdiction to adjudicate claims of negligence and medical malpractice because they are torts); *see also McCullough v. United States*, 76 Fed. Cl. 1, 4 (2006) (determining that the United States Court of Federal Claims does not have jurisdiction over claims of negligent infliction of emotional distress and "unwelcome surgical procedure").

The court also does not have jurisdiction to adjudicate the March 29, 2012 Complaint's claim that the Government violated Plaintiff's Sixth Amendment rights, because the Sixth Amendment is not money-mandating. *See Dupre v. United States*, 229 Ct. Cl. 706, 706 (1981) (per curiam) (holding that the Sixth Amendment does not require the United States to pay money damages, so the United States Court of Federal Claims does not have jurisdiction to adjudicate such a claim). Moreover, the Sixth Amendment applies only to criminal acts. *See* U.S. CONST. amend. VI (providing rights to accused persons in "all *criminal* prosecutions" (emphasis added)).

In addition, the court does not have jurisdiction over ADA claims, because the ADA does not create a substantive right to money damages against the United States. *See Searles v. United States*, 88 Fed. Cl. 801, 804 (2009) ("The ADA is not a statute mandating payment by the United States." (citing 42 U.S.C. § 12111(2), (5) (2006))). Moreover, only the United States District Courts have jurisdiction over ADA claims. *See* 28 U.S.C. § 1343(a) (2006) ("The *district courts* shall have original jurisdiction of any civil action authorized by law to be commenced by any person . . . (4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights[.]"); *see also Johnson v. United States*, 97 Fed. Cl. 560, 564 (2011) ("The Court notes that Federal district courts have exclusive jurisdiction over . . . ADA . . . claims.").

### 2. The March 29, 2012 Complaint Should Be Transferred To A United States District Court, Pursuant To 28 U.S.C. § 1631.

Section 1631 of Chapter 28 of the United States Code provides:

Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631.

Therefore, the court is authorized to transfer the March 29, 2012 Complaint, when the conditions of 28 U.S.C. § 1631 are met. *See Tex. Peanut Farmers v. United States*, 409 F.3d 1370, 1375 (Fed. Cir. 2005) ("[T]he trial court could have ordered transfer without being asked to do so by either party[.]"). In order "for a case to be transferred, the court must find that: (1) the transferring court lacks subject matter jurisdiction; (2) at the time the case was filed, the case could have been brought in the transferee court; and (3) such a transfer is in the interest of justice." *Schmidt v. United States*, 89 Fed. Cl. 111, 124-25 (2009).

The first requirement of the *Schmidt* test is satisfied in this case, because the United States Court of Federal Claims does not have subject matter jurisdiction to adjudicate the claims alleged in the March 29, 2012 Complaint.

The United States District Court for the District of Columbia, however, had jurisdiction over Plaintiff's tort claims when the March 29, 2012 Complaint was filed, since the Complaint was filed within six months of the DVA's September 30, 2011 Decision.[3]  *See* 28 U.S.C. § 1346(b) (2006) (providing that the United States District Courts have "exclusive jurisdiction of civil actions on claims against the United States . . . for injury or loss of property, or personal injury or death caused by negligent or wrongful acts or omission of any employee of the Government"); *see also* 28 U.S.C. § 2675(a) (2006) (requiring that prior to being filed in a United States District Court, an FTCA claim "shall have first [been] presented . . . to the appropriate Federal agency and [the] claim shall have been finally denied by the agency in writing and sent by certified or registered mail"). Indeed, the VA's September 30, 2011 Decision assured Plaintiff that "a tort claim that is administratively denied may be presented to a Federal district court for judicial consideration" provided that "such a suit . . . be initiated . . . within 6 months after the date of mailing of [the September 30, 2011 Decision.]" PX 1. Accordingly, the court has determined that Plaintiff had six months after receiving the DVA's

---

[3] The case law, however, does not appear to be settled as to whether the six month time period for seeking judicial review of a final agency denial of an FTCA claim begins anew after, or is tolled during, an agency's consideration of an administrative request for reconsideration. *See Berti v. V.A. Hospital*, 860 F.2d 338, 340 (9th Cir. 1988) (holding, ambiguously, that the filing of a request for reconsideration "prevents the agency's denial from becoming a final denial for purposes of 28 U.S.C. § 2401(b) and tolls the six-month limitation period until either the V.A. responds or six more months pass"). The weight of authority, however, suggests that after an agency denies a request for reconsideration, the claimant has six additional months to seek review in a federal court. *See, e.g., Harris v. United States*, No. 86-7008, 1987 WL 12870, at *1-2 (E.D. Pa. 1987) (unpublished) (determining that a complaint filed exactly six months after the DVA's denial of plaintiff's FTCA request for rehearing was timely); *Townsend v. United States*, No. 01-2496-JWL, 2002 WL 731695, at *3 (D. Kan. 2002) (unpublished) (interpreting, in dicta, a denial of a request for reconsideration to be a final denial pursuant to 28 U.S.C. § 2401(b)); *cf. Civil Aeronautics Board v. Delta Air Lines, Inc.*, 367 U.S. 316, 326 (1961) (recognizing "the general notion that an administrative order is not final, for the purposes of judicial review, until outstanding petitions for reconsideration have been disposed" (internal quotations omitted)); *but see Seastrom v. Dep't of Army*, No. C-08-4108 EMC, 2009 WL 5062329, at *2 (N.D. Cal. 2009) (unpublished) (suggesting, in dicta, that the six-month filing deadline is merely tolled during reconsideration and restarts when the agency issues a denial of the request for reconsideration).

September 30, 2011 Decision to file a complaint in federal court challenging that Decision. Moreover, it is by no means evident that the United States District Court for the District of Columbia does not have jurisdiction to adjudicate Plaintiff's FTCA claims on the grounds asserted in the DVA's September 30, 2011 Decision, *i.e.*, that Plaintiff's September 16, 2008 FTCA claim was filed in an untimely manner with the DVA.[4]

The Government's argument that a United States District Court would not have jurisdiction over the March 29, 2012 Complaint because Plaintiff must have brought his claim in a United States District Court within six months of the September 30, 2011 Decision is without merit. *See* Gov't Mot. at 8. The Government's interpretation runs contrary to the purpose of the transfer statute. *See Texas Peanut*, 409 F.3d at 1374 ("'A compelling reason for transfer is that the [plaintiff's complaint] . . . will be time-barred if his case is dismissed and thus has to be filed anew in the right court.'" (quoting *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999))); *see also* 28 U.S.C. § 1631 (2006) (requiring that upon transfer "the action . . . shall proceed *as if it had been filed or noticed for the court to which it is transferred* on the date upon which it was actually filed in or noticed for the court from which it is transferred" (emphasis added)). Moreover, the transfer statute authorizes the United States Court of Federal Claims to transfer a complaint to the district courts of the United States to cure "a want of jurisdiction." 28 U.S.C. § 1631 (stating that it applies to any court "as defined in [28 U.S.C. §] 610[,] which defines the United States Court of Federal Claims as a "court" for purposes of Chapter 28 of the United States Code).

The Government's reliance on *State Farm*, 6 F. Supp. 2d 985, likewise is misplaced. That case did not turn on whether the complaint had been filed within six months in a *district court*, but was resolved because of the plaintiffs failure to file their FTCA claim in *any* court within six months. *Id.* at 987. ("[T]he court finds that it does not have subject matter jurisdiction over plaintiffs' claims because plaintiffs failed to file suit within six months after the Postal Service mailed the notice of denial."). The Government's citation to *Marley v. United States*, 567 F.3d 1030 (9th Cir. 2009), for the proposition that "the six month statute of limitations in § 2401(b) is jurisdictional [and, therefore, doctrines of equitable estoppel and equitable tolling do not apply" similarly is flawed. *Id.* at 1037. The court does not need to rely

---

[4] The DVA's September 30, 2011 Decision determined that Plaintiff's FTCA claim was untimely under the two year statute of limitations set forth in 28 U.S.C. § 2401(b). *See* PX 1. It reasoned that Plaintiff was "fully informed of [his] medical situation" on September 5, 2006, but failed to file his FTCA claim until September 16, 2008, *i.e.*, slightly more than two years later. PX 1. The March 29, 2012 Complaint, however, appears to allege ongoing medical malpractice and gross negligence up until Plaintiff's October 2006 discharge from the VA Medical Center. PX 1. Accordingly, the district court may determine that Plaintiff's administrative claim before the DVA stated a claim for injuries suffered during the two years preceding Plaintiff's September 16, 2008 administrative FTCA claim. *See Cedars-Sinai Medical Center v. Watkins*, 11 F.3d 1573, 1584 (Fed. Cir. 1993) ("In establishing the predicate jurisdictional facts, a court is not restricted to the face of the pleadings, but may review evidence extrinsic to the pleadings, including affidavits and deposition testimony." (citing *Land v. Dollar*, 330 U.S. 731, 735 n.4 (1947))). This court, however, is in no position to conduct such a jurisdictional inquiry since FTCA claims are clearly outside our jurisdiction. It is best left to a court with appropriate jurisdiction to engage in further jurisdictional fact finding if necessary.

on equitable doctrines here, but simply applies the statutory mandate to cure a want of jurisdiction by transfer.

Finally, the third prong of the *Schmidt* transfer test, *i.e.*, that transfer be "in the interest of justice," is satisfied here. Plaintiff's Complaint would be untimely if it were refiled now. *See Texas Peanut*, 409 F.3d at 1374 ("'A compelling reason for transfer is that the [plaintiff's complaint] . . . will be time-barred if his case is dismissed and thus has to be filed anew in the right court.'" (quoting *Phillips*, 173 F.3d at 610)). And, the Government has not represented that it will be harmed in any way by the transfer, or that "transfer would unduly burden the judicial system[.]" *See id.*, 409 F.3d at 1375.

## V.  CONCLUSION.

For the foregoing reasons, the March 29, 2012 Complaint is transferred to the United States District Court for the District of Columbia.

**IT IS SO ORDERED.**

_____
**SUSAN G. BRADEN**
**Judge**